Filed 1/6/23 P. v. Gutierrez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079681 |
| v. | (Super.Ct.No. FWV17004387) |
| MANUEL RAY GUTIERREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County. Bridgid M. McCann, Judge. Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## STATEMENT OF THE CASE

On March 18, 2019, an information charged defendant and appellant Manuel Ray Gutierrez with murder under Penal Code[1] section 187, subdivision (a) (count 1); vehicular manslaughter while intoxicated under Penal Code section 191.5, subdivision (a) (count 2); driving under the influence of alcohol causing injury under Vehicle Code section 23153, subdivision (a) (count 3); and driving with a .08 percent blood content causing injury under Vehicle code section 23153, subdivision (b) (count 4). The information also alleged that defendant had suffered two prior serious felony convictions under section 667, subdivision (a)(1), and two prior strike convictions under sections 667, subdivision (b) through (i), and 1170.12, subdivisions (a) through (d).

On January 14, 2021, defendant pled no contest to count 2, and admitted that he had personally inflicted great bodily injury, and suffered two prior serious felony convictions and one prior strike conviction. The parties agreed that defendant would serve 30 years in prison.

Pursuant to the plea agreement, on February 26, 2021, the trial court sentenced defendant to the term of 30 years in prison—composed of the upper term of 10 years on count 2, doubled to 20 years per the strike, plus two consecutive five-year terms for the serious felony enhancements. The trial court granted defendant 2,396 days of custody credits and imposed the standard minimum financial obligations. The remaining counts and allegations were dismissed.

---

[1] All further statutory references are to the Penal Code unless otherwise specified

2

On May 18, 2022, defendant filed a petition for resentencing on various grounds, including, sections 1170.22 and 1170.1, subdivisions (a) and (b). On August 11, 2022, the trial court construed defendant's petition to seek relief under sections 1170.03 and 1385, subdivision (c), and denied defendant's petition. The court first stated that it did not have jurisdiction under section 1170.03 because more than 120 days had passed since defendant's sentence had been imposed, and neither the prosecution nor the Department of Corrections and Rehabilitation had recommended resentencing defendant. Next, the court found that it would not strike either of the two serious felony enhancements under section 1385, even if it did have jurisdiction to consider the issues.

On August 29, 2022, defendant filed a timely notice of appeal.

## STATEMENT OF FACTS[2]

Around 11:45 p.m. on November 15, 2017, defendant was driving on the I-10 freeway. Defendant became involved in a four-vehicle collision that resulted in the death of Mario F. (the victim). A California Highway Patrol officer contacted defendant at the scene of the collision and found defendant crying uncontrollably. The officer observed defendant to be under the influence of alcohol. Defendant admitted to drinking two 12-ounce glasses of vodka and soda.

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979)

---

[2] Pursuant to the plea agreement, the parties stipulated to a factual basis supported by the preliminary hearing transcripts and defendant's rap sheet.

25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and has requested this court to undertake a review of the entire record. Counsel "requests this Court independently review the record on appeal for error. Appellate courts have inherent authority to review the record and issue a written opinion if doing so would 'best serve the interest of justice.' [Citation.] Thus, review would best serve the interest of justice."

After we received the *Wende* brief, we offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Recently, the California Supreme Court has held that appellate courts are not required to independently review the record for potential errors in an appeal from the denial of postconviction relief under section 1172.6, unless a defendant files a supplemental brief or letter in support of the defendant's appeal. (*People v. Delgadillo* (2022) ___ Cal.5th ___, *17 [2022 Cal. Lexis 7654] (*Delgadillo*).) The Supreme Court went on and stated that its holding only applied to section 1172.6 appeals: "[W]e are not deciding *Wende's* application to other postconviction contexts, which may present different considerations." (*Id.* at p. 17, fn. 5.) The Supreme Court further stated that "if the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice." (*Id.* at p. *13.)

Although *Delgadillo*, *supra*, ___ Cal.5th __, does not apply to this case because this is not an appeal from the denial of a section 1172.6 petition, we address the recent decision in an abundance of caution. Hence, even if *Delgadillo* applied to this *Wende*

4

appeal, we exercise our discretion to conduct our own independent review in the interest of justice.  (*Id.* at p. *13.)

We have independently reviewed the record for potential error.  We are satisfied that defendant's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.

**DISPOSITION**

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                        J.

We concur:

RAMIREZ _____
                        P. J.

McKINSTER _____
                        J.

5